UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SRUJANA BUDDE
7863 River-Rock Way
Columbia, MD 21044

*Plaintiff*,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
20 Massachusetts Avenue, NW
Washington, DC 20529;

TRACY RENAUD, in her Official Capacity, Acting Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security;
20 Massachusetts Avenue, NW
Washington, DC 20529

CONNIE NOLAN, in her Official Capacity, Acting Associate Director, USCIS Service Center Operations Directorate,
20 Massachusetts Avenue, NW
Washington, DC 20529

DAVID PEKOSKE, in his Official Capacity, Acting Secretary, U.S. Department of Homeland Security;
245 Murray Lane, SW
Washington, DC 20528

UNITED STATES DEPARTMENT OF HOMELAND SECURITY
245 Murray Lane, SW
Washington, DC 20528

*Defendants*.

Case No. ____________________

PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. It has long been said about the United States that if you work hard and if you play by the rules, this country is truly open to you.

2. Plaintiff has worked hard, and she has played by the rules. USCIS agency delay threatens to hold up the government's end of that bargain and abruptly end close to 13 years of nearly continuous work authorization. Before her most recent E3-D EAD expired on January 14, 2021, Plaintiff had been working as a Senior Cache Developer for Comprehensive Consulting Solutions, LLC., a leading provider of Information Technology (IT) services and products, on a critical project for Comprehensive Consulting Solutions, LLC's client, LKQ Corporation, the leading provider of alternative and specialty parts to repair and accessorize automobiles and other vehicles.

3. Plaintiff had been work-authorized nearly continuously for close to 13 years, until her most recent E-3D EAD expired on January 14, 2021. She already lost her work authorization due to USCIS agency delay because her most recent Employment Authorization Document expired on January 14, 2021, and her current E-3D EAD renewal is still pending. Plaintiff lost her job and was required to cease work when her work authorization expired on January 14, 2021. She lost her wages and has been facing economic injury for the last six (6) months that is irreparable. Her termination from her employment has caused her family to immediately suffer a significant monthly shortfall in income and they are scared they may be forced to default on some of their financial obligations unless her EAD renewal application is approved soon. Immediate injunctive relief is essential because Plaintiff has a substantial likelihood of success on the merits of her complaint; Plaintiff will suffer irreparable harm in the absence of injunctive relief; there is no

adequate remedy available at law; the balance of hardships favor Plaintiff, and the requested injunctive relief will not harm the public interest

## II. JURISDICTION

4. The United States District Court for the District of Columbia has jurisdiction over this petition for a Writ of Mandamus and complaint for injunctive relief under 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651.

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States.

6. This action arises under the Mandamus Act, 28 U.S.C. § 1361, which gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

7. This Court was established by Congress and therefore "may issue all writs necessary or appropriate in their respective jurisdictions. . ." 28 U.S.C. § 1651.

8. Jurisdiction is also conferred pursuant to 5 U.S.C. § 555(b), 702 and 706(1), the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. Relief is requested pursuant to such statutes.

## III. VENUE

9. Venue is this judicial district is proper under 28 U.S.C. § 1391(e)(1)(A) because this is a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

## IV. PLAINTIFF

10. Plaintiff, Ms. Srujana Budde, is a citizen of India and resident of Columbia, Maryland, and is a lawful E-3D nonimmigrant with an expired Employment Authorization Document

("EAD") and a pending EAD renewal application. She first arrived in the United States on May 22, 2008 in a valid E-3D status as the dependent of her spouse. They are the parents of two children who are U.S. Citizens. Her husband is Sainath Bandari who is in E-3 status and working for Hallmark Global Technologies Inc., a leading information technology and services company. Plaintiff has been work-authorized nearly continuously for close to thirteen (13) years, based on her first eight (8) E-3D EAD cards, from October 8, 2008 to January 14, 2021. In reliance on her nearly continuous work authorization afforded by law under the immigration regulations, namely INA § 214(e)(6) and 8 U.S.C. § 1184, she took on very important work as a Senior Cache Developer for Comprehensive Consulting Solutions, LLC., to work on a critical project for their client, LKQ Corporation, the leading provider of alternative and specialty parts to repair and accessorize automobiles and other vehicles. Plaintiff timely filed her E-3D extension and E-3D EAD renewal applications, but both applications are still pending and her E-3D status already expired on February 28, 2021 and her work authorization expired on January 14, 2021.

**V. DEFENDANTS**

11. Defendant U.S. Citizenship and Immigration Services ("USCIS") is the agency within the U.S. Department of Homeland Security ("DHS") which is responsible for adjudicating H-4 extensions and H-4 EAD applications. USCIS implements federal law and policy with respect to immigration benefits applications. USCIS's headquarters resides within the District of Columbia.

12. Defendant Tracy Renaud is the Acting Director of USCIS. As the Acting Director, Defendant Renaud has been delegated the authority to direct the administration of USCIS, and to enforce the Immigration and Nationality Act ("INA") and all other laws relating to the immigration of non-citizens. Defendant Renaud is responsible for USCIS's policies, practices, and procedures,

and oversees the USCIS officers responsible for adjudicating Plaintiff's H-4 extensions and H-4 EAD applications. Defendant Renaud is sued in her official capacity.

13. Defendant Connie Nolan is the Acting Associate Director, USCIS Service Center Operations Directorate, USCIS. Ms. Nolan's Service Center Operations Directorate provides services for persons seeking immigration benefits and provides decisions to individuals requesting immigration benefits at Service Centers, where each of Plaintiff's applications remain pending. Defendant Nolan is sued in her official capacity.

14. Defendant David Pekoske is the Acting Secretary of the U.S. Department of Homeland Security ("DHS"). DHS is the federal agency encompassing USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration of non-citizens. In his official capacity as Acting Secretary, Defendant Pekoske has the responsibility of the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103(a). Defendant Pekoske is sued in his official capacity.

15. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet department of the United States federal Government responsible for immigration-related services (U.S. Citizenship and Immigration Services or "USCIS"), enforcement (Immigrations and Customs Enforcement of "ICE"), and investigations (Homeland Security Investigations or "HIS"), among other duties. DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefits applications. DHS's headquarters resides within the District of Columbia.

## VI. STATUTORY AND REGULATORY BACKGROUND

16. The Immigration and Nationality Act ("INA") authorizes the issuance of nonimmigrant visas and status to professional workers to fill positions in the U.S. in specialty occupations in the

E-3 classification as well as their spouses and children, in the E-3D classification. 8 U.S.C. § 1101(a)(15)(E).

17. E-3 Specialty Occupation Workers may be admitted initially for a period not to exceed the validity period of the accompanying E-3 labor attestation (i.e., for a maximum of two years), and extensions of stay may be granted indefinitely in increments not to exceed the validity period of the accompanying E-3 labor attestation (i.e., for increments of up to two years each). AFM 34.6(a)(3) As there is no limit on the total length of stay for an E-3 alien in the legislation, there is no specified number of extensions a qualifying E-3 Specialty Occupation Worker may be granted. *Id.*

18. The INA permits the spouses of E-3 Specialty Occupation Workers to obtain an Employment Authorization Document (EAD). INA § 214(e)(6), 8 U.S.C. § 1184.

## VII. FACTUAL BACKGROUND

19. Plaintiff is a lawful nonimmigrant national of India in E-3D status, having most recently been granted E-3D status through February 28, 2021, as the dependent of her spouse, Mr. Sainath Bandari, a lawful E-3 nonimmigrant employed by Hallmark Global Technologies Inc., a leading information technology and services company. Plaintiff is no recent entrant to the country, however, and has been residing in the United States in a valid nonimmigrant status since May 22, 2008. A copy of the approval notice for the Plaintiff's most recent E-3D application is attached at **Exhibit A**, along with a copy of the Receipt Notice for her pending E-3D extension application. Copies of her spouse's most recent E-3 Approval Notices are attached at **Exhibit C**.

20. Plaintiff applied for and received her first E-3D Employment Authorization Document (EAD) authorizing her to work, pursuant to INA § 214(e)(6) and 8 U.S.C. § 1184, which was valid from October 8, 2008 to January 14, 2021. Please see **Exhibit B**.

21. Subsequently, Plaintiff applied early for and received seven (7) more EAD cards. Please see **Exhibit B.**

22. As before, Plaintiff applied early to extend her E-3D status and renew her EAD, but both applications remain pending with U.S. Citizenship and Immigration Services (USCIS) more than eight (8) months later. Please see **Exhibits A** and **B.**

23. On November 19, 2020, Plaintiff filed Form I-539 with fee to extend her E-3D status along with her spouse's E-3 status extension request, and was issued a Receipt Notice bearing the case number **EAC-21-050-51204**. She also concurrently filed Form I-765 with fee to extend her EAD for a period to match her E-3D status extension and her spouse's E-3 extension, and was issued a Receipt Notice bearing the case number **EAC-21-050-51206**. Copies of the Receipt Notices for Plaintiff's pending E-3D extension and EAD renewal applications are attached at **Exhibits A** and **B**, respectively.

24. On April 27, 2021, Defendant USCIS approved the E-3 extension petition filed by Hallmark Global Technologies Inc (under Receipt Number EAC-21-050-51201) and extended his E-3 status for two (2) more years through February 28, 2023. Please see **Exhibit C**. However, Plaintiff's E-3D extension application and her EAD renewal application remain pending.

25. On March 5, 2021, Plaintiff called USCIS to request expedited processing for her E-3D application; however, her request was denied by USCIS.

26. On June 7, 2021, Plaintiff submitted a service request to Defendant USCIS requesting expedited processing of her I-539, H-4 extension application. On June 9, 2021, Defendant USCIS stated "Upon receipt of your letter requesting expeditious handling, this matter was reviewed and a determination was made that it does not meet the criteria for special handling." Please see **Exhibit H**.

27. Despite having complied with the law by applying early for her E-3D and EAD extensions, Plaintiff has already lost her job due to the expiration of her EAD card and because of Defendants' delay in adjudicating her renewal applications.

28. In reliance on her work authorization afforded by law under the immigration regulations, Plaintiff had taken on very important work in May 2011 as a Senior Cache Developer for Comprehensive Consulting Solutions, LLC, where she was placed on a critical project for their client, LKQ Corporation, the leading provider of alternative and specialty parts to repair and accessorize automobiles and other vehicles. As a Senior Cache Developer, she had the following responsibilities:

- Evaluated new technologies, designed new reports using Zen application framework.
- Provided a simple way to rapidly create complex, data-rich Web applications by assembling pre-built object components using Cache Studio.
- Researched and recommended using Zen, and Zen UI in other UI projects as reporting tool for better analysis and performance.
- Responsible for coding Html, JavaScript, CSS for Front-end screen design.
- Developed back end and front-end coding using JavaScript and Cache class methods.
- Analyzed how to use hierarchical class method names for sub classes.
- Developed new module in Project X to track the travel expenses and status of the product.
- Generated web service requests through SOAP and raw XML, and parsed the responses in JSON format for easier display.
- Provided a provision to retrieve Excel reports on any UI Screen.
- Presented usage of new technologies like JSON, Zen, Zen reporting tools in the projects and its benefits to the team.
- Added new file upload module to the project using JQuery File Upload Widget.
- Converted all source data files to Cache by writing cache object programs.
- Created common function to get all the files dynamically to run at once.
- Documented the mapping of tables based on the data given.
- Converted all source data files to Cache by writing cache object programs

Please see **Exhibit D** for a copy of the Plaintiff's Affidavit and **Exhibit E** for copies of a sample of Plaintiff's paystubs issued by Comprehensive Consulting Solutions, LLC.

29. Comprehensive Consulting Solutions, LLC had to terminate Plaintiff's employment on January 15, 2021 because she no longer had work authorization as her previous EAD expired and her E-3D extension and EAD renewal applications are still pending. Please see **Exhibit D**.

30. Plaintiff filed early for her E-3D and EAD extensions.

31. Plaintiff lost her work authorization on January 14, 2021 because USCIS failed to act on her E-3D and EAD applications before that date.

32. Because Plaintiff lost her work authorization more than 6 months ago, she has been suffering financial loss due to the termination of her employment. Plaintiff's income with Comprehensive Consulting Solutions, LLC had been more than $6300 per month, which has resulted in a significant monthly shortfall in income for her family. Please see **Exhibit D**.

33. Because Plaintiff lost her work authorization, she was required to stop working for Comprehensive Consulting Solutions, LLC since she no longer had valid work authorization. Please see **Exhibit D**.

34. Plaintiff had relied upon the immigration regulations, namely INA § 214(e)(6) and 8 U.S.C. § 1184, to obtain an EAD, to obtain employment, and to file a renewal of her EAD. She had engaged in critical work for Comprehensive Consulting Solutions, LLC.'s client, LKQ Corporation, which also relied on her to provide her services on critical projects. Please see **Exhibit D**.

35. The delay in renewing Plaintiff's timely filed EAD renewal has caused significant financial and emotional hardship to Plaintiff and her family. Plaintiff's income with Comprehensive Consulting Solutions, LLC had been more than $6300 per month. Her husband receives an income of approximately $10,000 per month. Please see **Exhibits D** and **E**.

36. Plaintiff has a total of approximately $9,660 in monthly obligations for their family of four, including a mortgage of $2845, homeowner's insurance of $807, utilities (gas/electricity) of $164, car payments of $424, car insurance of $500, health insurance of $1400, cable/internet expenses of $80, phone expenses of $40, food expenses of $2000, child care expenses of $1200, and additional miscellaneous expenses of $200. This leaves them with a minimal margin to buy any miscellaneous items required for the house or even for their children. It is getting extremely difficult for her family to make ends meet in these pandemic times. Please see **Exhibit D** for a copy of the Plaintiff's Affidavit, and **Exhibit F** for evidence of Plaintiff's monthly financial obligations

37. Plaintiff has not been able to work since her work authorization expired on January 14, 2021, and over the last six months, Plaintiff and her husband have exhausted nearly all of their savings since only her husband is currently working. Please see **Exhibit D**.

38. Plaintiff's family has already suffered more than a $6300 monthly shortfall in income due to the termination of her employment at Comprehensive Consulting Solutions, LLC., resulting from her EAD renewal not being approved by January 14, 2021. To avoid default on their financial obligations, Plaintiff and her husband have had to withdraw their savings, which has depleted their savings rapidly and has left Plaintiff and her husband without any reserves in case of emergency. This places them in a terrible situation during a pandemic. Plaintiff and her husband are scared that they may be forced to default on some of their financial obligations unless her EAD renewal application is approved soon. Please see **Exhibit D**.

39. Plaintiff has not been eligible for unemployment payments, because in order to receive unemployment compensation, she must seek work but in order to seek work she must be authorized

to work. She has lost income of more than $6300 per month while she remains unauthorized to work. She has lost this money irrevocably. Please see **Exhibit D**.

40. Apart from financial hardship, Plaintiff and her family are going through a lot of mental trauma. They have been waiting for more than 8 months since the filing of her E-3D extension and EAD applications and have not seen any movement. There has been no update so far and no future signs of development as the processing times posted by USCIS keep retrogressing. Plaintiff has even seen many EAD applications which are already approved even though those applications were filed after her application. Hence, USCIS is not actually processing EAD applications based on the order in which they were filed. Please see **Exhibit D**.

41. Plaintiff has tried to request expedited processing for her EAD application; however, her requests have been denied by USCIS. Please see **Exhibit D** for a copy of the Plaintiff's Affidavit, and **Exhibit G** for correspondence from USCIS.

42. This unprecedented delay in the processing of Plaintiff's E-3D and EAD applications has been causing a lot of havoc and stress on Plaintiff's mental health, especially during these hard times during the COVID-19 pandemic. A copy of Plaintiff's Affidavit is attached at **Exhibit D**.

## VIII. CLAIMS FOR RELIEF

### Administrative Procedure Act

43. Plaintiff re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations in paragraphs 1-42 above.

44. The Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b) and 706(1), provides the Court with authority to compel agency action unreasonably delayed.

45. Defendants have unreasonably delayed adjudication of Plaintiff's applications, considering that Plaintiff's applications were filed solely as a renewal (not an initial application)

and Defendants' regulations required Plaintiff to wait until the six (6) month window before expiration, and not before, to file for extension of her status and work permission, and because Plaintiff applied early in the application window, and because Plaintiff has already lost her E-3D status and her job on January 14, 2021 because Defendants continue to delay adjudication.

**Mandamus Act**

46. Plaintiff re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations in paragraphs 1-42 above.

47. The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiff.

48. Plaintiff has a clear right to the relief requested. Plaintiff's husband's E-3 petition has already been extended until February 28, 2023, and she is eligible for extension of her E-3 status as his dependent until February 28, 2023, and under the immigration regulations, namely INA § 214(e)(6) and 8 U.S.C. § 1184, she is eligible for extension of her EAD for a period to match her E-3D extension, through February 28, 2023.

49. Defendant has a clear duty to perform the act in question – to adjudicate the E-3 extension and EAD renewal in a reasonable time under the circumstances.

50. The circumstances include the fact that Plaintiff was required to wait to file for renewal of her status and her EAD until the 6-month window before the expiration of her status and the EAD, and she filed for renewal early in the 6 month period.

51. Unlike an initial application, which can be filed at any time, the agency's regulations required Plaintiff to wait until the 6 month window before filing her extension, and then even when she did so early in the application window, the agency has continued to delay the renewal

application causing her to be in imminent jeopardy of losing her job as a Senior Cache Developer for Comprehensive Consulting Solutions, LLC.

52. Under the circumstances it is unreasonable for Defendants to delay issuance of her extension requests when the agency has already granted her husband's petition and where her status and her work authorization expired on January 14, 2021 and she has already lost her job because Defendants failed to timely act upon her pending applications.

53. Plaintiff has no reasonable remedy to redress Defendant's delay in adjudicating her applications and issuing her EAD renewal following repeated attempts to remedy the delay in process and to request expedited processing of her applications.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Compel Defendants to immediately adjudicate Plaintiff's I-539 and I-765 applications;

(3) Grant reasonable attorney's fees and costs as provided under the Equal Access to Justice Act and the APA; and

(4) Grant Plaintiff such further relief as the Court deems just and proper.

DATED this 20th day of July, 2021:

_/s/ Mika B. Kozar, Esq.___________________
Mika B. Kozar, Esq. (Bar ID: NJ028)
Law Office of Thomas V. Allen, PLLC
P.O. Box 517
Monmouth Junction, NJ 08852
Tel: (732) 832-7978
Fax: (609) 288-7733
mika@tvalawyers.com
Counsel for Plaintiff